## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### November 15, 1918.

## THE PEOPLE v. BARNEY SCHER and GEORGE SCHER.

(185 App. Div. 197.)

CONDUCTING BUSINESS UNDER ASSUMED NAME—EVIDENCE JUSTIFYING CONVICTION.

Defendants were properly convicted of the crime of conducting business under an assumed name, in violation of ·section 440 of the Penal Law, where the proof showed that they filed a certificate for the use of a family name which was not the name of any one of the persons conducting or intending to conduct the business.

The conviction was proper, although it appeared that the wife of one of the defendants was interested in a corporation using said family name.

KELLY and MILLS, JJ., dissented, with opinion.

APPEAL by the defendants, Barney Scher and another, from a judgment of the·Court of Special Sessions of the City of New York, Part Two, county of Kings, rendered against them on the 13th day of February, 1917, convicting them of a violation of section 440 of the Penal Law.

*Joseph Gans (C. Arthur Jensen* with him on the brief), for the appellants.

*John E. Ruston,* Assistant District Attorney (*Harry E. Lewis,* District Attorney, and *Harry G. Anderson,* Assistant District Attorney, with him on the brief), for the respondent.

JAYCOX, J.:

The information filed in this matter accuses the defendants of the crime of conducting business under an assumed name. It also and more directly accuses the defendants with having filed a certificate for the use of a family name, the family name so used not being the true or real name of any one of the persons conducting or intending to conduct said business. This certificate was false, without question. Robert Baumann, named therein, was not interested in the company mentioned in it. His wife was not interested in that company. The fact that she was interested in the Baumann Furniture Company, Inc., a corporation, does not alter the fact that she was not interested in the Robert Baumann Furniture Company, a copartnership or association of individuals for which said certificate was filed. The filing of the certificate does not create a corporation, but I think it is a fair assumption from it that the individuals named therein constituted a partnership. If the business was in fact conducted by the Baumann Furniture Company, Inc., in which Mrs. Baumann was a stockholder, the certificate was false nevertheless:

*First.* Because the Robert Baumann Furniture Company mentioned in the certificate did not conduct the business.

*Second.* Because Mrs. Baumann was not interested in the Robert Baumann Furniture Company mentioned in the certificate.

*Third.* The statute does not relate to corporations, and her interest in a corporation of a similar name was not the interest the statute contemplates.

Therefore, no person of the name of Baumann was interested in the Robert Baumann Furniture Company mentioned in the certificate. The Robert Baumann Furniture Company, Inc., did not come into existence until some time after the transaction complained of. It is, therefore, idle to claim that it had

any connection with or in any way justified the filing of such a certificate.

The record is very unsatisfactory and confusing, but I think it sufficiently appears from it that the defendants filed a certificate for the purpose of transacting business under the name of the Robert Baumann Furniture Company and there was no person by the name of Baumann interested in that company.

The judgment should be affirmed.

Jenks, P. J., and Blackmar, J., concurred; Kelly, J., read for reversal, with whom Mills, J., concurred.

Kelly, J. (dissenting):

I dissent, because in my opinion the evidence did not justify the conviction of the defendants of the crime with which they were expressly charged in the information filed, which performed the same function as an indictment in a court of record. (Code Crim. Pro., §§ 742, 743.) The crime of " conducting business under an assumed name " is defined in section 440 of the Penal Law, which is derived from the former Penal Code, section 363b, added by Laws of 1900, chapter 216. As originally enacted it provided in substance that no person or persons should carry on business under an assumed name or any designation other than the real name or names of the individuals conducting the business, unless a certificate was filed as provided in the law. By Laws of 1915, chapter 446, an additional provision was added to the section, in effect that no person should use or file a certificate for the use of any family name in carrying on business, unless the name so used was the true or real name of the person or one of the persons conducting the business, or unless the persons so filing the certificate were successors in interest to some one lawfully using such family name. When the district attorney filed the information against the defendants he expressly charged them with violation of this last or added

provision. He charged that they filed a certificate for the use of a family name, viz., "Baumann," whereas the family name so used was not the true name of any one conducting or intending to conduct the business. This is the crime alleged against the defendants. During all the time covered by the information the business conducted by them was the business of the Baumann Furniture Company, a domestic corporation, and Amelia Baumann was a stockholder, director and officer of that corporation. The corporation had been enjoined from using the name "Baumann" as in fraud of the rights of a furniture house in Manhattan. (Baumann & Co. v. Baumann, 170 App. Div. 945, 950.) These defendants had been fined for contempt of court for violating the injunction, and in a clumsy effort to cover their tracks they changed the signs on their store windows to "Robert Baumann Furniture Company" and filed a certificate, with one Robert Baumann, the husband of Amelia, to the effect that the business was being carried on by the parties named in the certificate under the new name. But the certificate was false, *first,* because there was no such company or copartnership as the Robert Baumann Furniture Company in existence; *second,* because Robert Baumann, the husband of Amelia, was not interested in the furniture business at all; he was a policeman and prohibited from engaging in mercantile pursuits; *third,* because the business was still the business of the original Baumann Furniture Company, the only legally organized corporation, it belonged to the stockholders of that corporation; it was their property; the profits, if there were any, belonged to that company. If the charge against defendants was that the certificate filed by them was false, the proof might warrant conviction. When the charge is made under and expressly confined to the second provision of the statute, I think the conviction was not warranted, because the evidence showed that the business conducted was the business of the Baumann Furniture Company, and that corporation had a right to use the family

name of Amelia Baumann, the officer, director and shareholder. As against the rights of the Manhattan concern, the use of the name may have been wrongful, as indicated by the injunction granted; as against Penal Law, section 440, the use of the family name was not unauthorized and was not a crime.

I therefore vote to reverse the judgment of conviction of the Court of Special Sessions, to remit the fine, and to discharge the defendants.

MILLS, J., concurred.

Judgment of conviction of the Court of Special Sessions affirmed.

---

## NOTE ON SECTION 440, PENAL LAW.

### CONDUCTING BUSINESS UNDER ASSUMED NAME.

Above section was derived from Penal Code, § 363b, as added 1900, ch. 216, § 1. Subd. 1 was amended by Laws 1915, ch. 446, which added the final sentence relating to use of family name.

This section was not intended to authorize the commission of acts forbidden by section 22 of the Partnership Law and section 924 of the Penal Law, provided such persons filed the certificate required therein. It was intended rather to apply to the conduct of business under apparently corporate titles, fictitious titles, indicating the nature of the business, and the like. (Jenner v. Shopel [1912], 205 N. Y. 66, affg. 140 App. Div. 911, revg. 67 Misc. 159. See also Slater v. Slater [1903], 78 App. Div. 449, modified and affirmed [1903], 175 N. Y. 143.)

A single sale of fruit trees is not "transacting business" within the meaning of the section. Such term implies a continuous business, not a single isolated transaction. (People v. Whiting [1910], 68 Misc. 306.)

The provisions of this section relate only to assumed names and not to actual names of the persons composing a partnership. (Castle Bros. v. Graham [1903], 87 App. Div. 97, affd. 180 N. Y. 553; Matter of Richards, Bros. [1913], 206 Fed. 932.)

A person who conducts a restaurant under the name ''Bristol Oyster & Chop House,'' without advertising his actual name, and without filing the certificate required herein, is guilty of a violation of section 440. (People v. Poulos [1915], 160 N. Y. S. 724.)

Section 440 in its application to attorneys should be read in connection with section 479 of the Judiciary Law, prohibiting an attorney from permitting the use of his name in suits in which he has no interest. Accordingly where one of the members of a law firm is dead and the other disbarred, a person formerly employed by the firm as a clerk cannot practice law under the firm name by filing the certificate required by section 440, for such a course would constitute an evasion of section 479 of the Judiciary Law and nullify the order of the court disbarring the member of the firm by allowing him to do by another that which he was prohibited from doing himself. (Matter of Kuffenburgh [1907], 188 N. Y. 49, affg. 115 App. Div. 346.)

The license given by section 440 for the transaction of business under an assumed name on the filing of the required certificate does not constitute a defense in a suit by a foreign corporation to restrain a domestic corporation from using its name. (United States Light, etc., Co. v. United States Light, etc., Co. [1910], 181 Fed. 182.)

A purchaser of the trade name of a corporation may enjoin a competitor from using it, and he is not prevented from obtaining the injunction because of the fact that for some time through ignorance he neglected to file the certificate required by section 440, where he files it as soon as he becomes aware of the provisions of the section. (Goddard v. American Peroxide Co. [1910], 67 Misc. 279.)

The fact that a firm is conducting business without having filed the certificate required does not prevent it from collecting a sum due it on an executed contract for goods sold and delivered, where the defense interposing the failure to file the certificate is demurrable. (Doyle v. Shuttleworth [1903], 41 Misc. 42.)

An insurer of partnership property is not relieved from liability under the policy by reason of the failure of a surviving partner to file the required certificate. (Loeb v. Fireman's Ins. Co. [1902], 38 Misc. 107, affg. 78 App. Div. 113.)

A firm conducting business under a fictitious name is not entitled to recover damages for libel where it appears that it has not filed the certificate required by section 440 and is conducting its business in violation thereof. (Williams v. New York Herald Co. [1914], 165 App. Div. 529.

The filing by a corporation of a certificate in the office of the county clerk indicating an intention to do business under an assumed name will not be sufficient to make its action lawful. (Opinion of Attorney-General [1912], 109.)

See as to effect of failure to file certificate, Komblum v. Commercial Advertiser Association [1917], 164 N. Y. S. 186.